Kresge Department Stores, Inc. v. Commissioner.
Kresge Dept. Stores v. Commissioner
Docket No. 101906.
United States Tax Court
1944 Tax Ct. Memo LEXIS 343; 3 T.C.M. (CCH) 196; T.C.M. (RIA) 44068; February 29, 1944
*343 Ward J. Herbert, Esq., for the petitioner. LEECH Memorandum Opinion LEECH, Judge: This matter is now before the Court for redetermination of deficiencies in accordance with a Mandate of the Circuit Court of Appeals for the Third Circuit. Respondent determined deficiencies in personal holding company surtax under section 351 of the Revenue Act of 1934, and included penalties for failure to file returns of such tax, against the petitioner, as follows: Personal hold-
ing company
Fiscal year ended
surtax
Penalty
January 31, 1935
$15,714.61
$3,928.65
January 31, 1936
7,424.25
1,856.06
The taxpayer petitioned this Court for the redetermination of those deficiencies including the penalties. The Court held that the taxpayer petitioner was not a personal holding company within the cited section, and so was not subject to the contested personal holding company surtax. Upon that conclusion the issue involving the propriety of the penalties included in the contested deficiencies became moot and accordingly was not resolved. . Upon appeal to the Circuit Court of Appeals for the Third Circuit that court reversed this Court, but *344 the penalty issue was not there raised, considered or decided. . The Supreme Court denied certiorari June 1, 1943. . Upon receipt of the Mandate of the Circuit Court reversing the decision of this Court the proceeding was here * * * restored to the Calendar for hearing July 7, 1943, for redetermination of the deficiency in accordance with the Mandate received; and, it * * * [was] further ORDERED: that the parties hereto, on or before July 7, 1943, file a proposed redetermination of the deficiency computed in accordance with the direction of the Mandate as hereinabove set out. Pursuant thereto petitioner and respondent filed recomputations of the contested deficiencies. These differ only by the amounts of the disputed penalties for the respective tax years which petitioner excludes and respondent includes. Thus the only question presented now is whether the petitioner should be relieved of the penalty imposed for failure to file personal holding company returns for the tax years on Form 1120H. The petitioner filed no personal holding company returns for its taxable fiscal years ending in 1935 and *345 1936. The petitioner argues that it has established a reasonable cause for this failure and that this fact prevents the imposition of the penalty. In , it was held that penalties imposed under either section 291 of the Revenue Act of 1934 or section 406 of the Revenue Act of 1935 were mandatory. Under that decision, therefore, it is obvious that the penalty here imposed upon the 1935 deficiency was mandatory and can not be disturbed. By section 291 of the Revenue Act of 1936, however, the law was changed and, as the Supreme Court stated in the last cited case, the penalty "could be lifted if it were shown that such failure [to file a return] was 'due to reasonable cause and not due to willful neglect'". The question thus arises whether, as to the penalty imposed for the failure to file the 1936 return, the Revenue Act of that year applies. The tax year involved is a fiscal year beginning February 1, 1935 and ending January 31, 1936. Section 1 of Subtitle A, Title I, of that act reads: "The provisions of this title shall apply only to taxable years beginning after December *346 31, 1935." Thus none of the provisions of Title I of the Revenue Act of 1936 apply. Section 291, supra, is one of the provisions included under that Title. But the authority for the contested tax here is section 351 of Title IA. However, subsection (c) of section 351 under that Title reads, so far as here pertinent, All provisions of law (including penalties) applicable in respect of the taxes imposed by Title I of this Act, shall * * * be applicable in respect of the tax imposed by this section. * * * It follows, of course, that the propriety of the contested penalty imposed for failure to file its return for the taxable fiscal year ending in 1936 is controlled by section 406 of the Revenue Act of 1935 and not section 291 of the Revenue Act of 1936. The disputed penalty was therefore mandatory. Decision will be entered redetermining the deficiencies in accordance with the recomputation filed by the respondent, which will include the contested penalties for both the taxable years.